IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02562-PAB-STV

CORT DENNIS,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Docket No. 48]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**[1]

On September 8, 2012, a car collided with the motorcycle[2] that plaintiff was driving in Wheat Ridge, Colorado ("the accident"). Docket No. 3 at 1, ¶ 1; Docket No. 48 at 1. At the time of the accident, plaintiff had four different insurance policies with defendant. Docket No. 48 at 5, ¶ 2. Each of the four insurance policies includes underinsured motorist coverage. *Id.*, ¶ 3.

Immediately following the accident, an ambulance took plaintiff to St. Anthony's Hospital, where he was treated from September 8, 2012 through September 14, 2102. Docket No. 51-1 at 2. As a result of the hospitalization, St. Anthony's charged plaintiff

---

[1]The following facts are undisputed unless otherwise indicated.

[2]The Complaint states that plaintiff was driving an automobile, Docket No. 3 at 1, ¶ 1, but the motion states plaintiff was driving a motorcycle. Docket No. 48 at 1.

$77,945.68. Docket No. 51-1 at 7. On April 18, 2013, with defendant's permission, plaintiff entered into a settlement in the amount of $100,000 with the driver of the car that hit him. Docket No. 48 at 4, ¶ 1.

On July 24, 2014, at the request of defendant, Dr. Alfred Lotman performed an independent medical examination of plaintiff. Docket No. 48 at 5, ¶ 4. Dr. Lotman stated that, with respect to plaintiff's low back pain, he would apportion "80% preexisting and 20% due to the injuries sustained in the motor vehicle accident." *Id.*, ¶ 5 (quoting Docket No. 48-4 at 8).

On August 22, 2014, the adjuster responsible for handling plaintiff's claim sent plaintiff's counsel a letter stating:

> Attached is a copy of the Independant [sic] Medical Exam report for your records. It was opined that 80% of your client's injuries and treatment were related to pre-existing conditions and that 20% was related to this auto accident.
>
> With this information, along with review of the medical records and billings, our evaluation has determined that the underlying limits were sufficient to compensate your client for his injuries.
>
> If you have any additional information that were [sic] would like us to consider, please forward this to us for review.
>
> Please contact me at the number provided if you have any questions or concerns.

Docket No. 48-4 at 1. The adjuster incorrectly applied Dr. Lotman's formula to the entirety of plaintiff's injuries rather than to just plaintiff's back injuries. Docket No. 48 at 5, ¶ 7.

Plaintiff filed suit on September 4, 2015 alleging four claims for breach of contract and a claim for improper denial and unreasonable delay in handling plaintiff's claim under Colo. Rev. Stat. §§ 10-3-1115, 10-3-1116.[3]  Docket No. 3.

On September 28, 2016, plaintiff took the deposition of Stephanie Teixeira, a casualty claims manager for defendant.  Docket No. 48 at 3; Docket No. 51 at 2, ¶ 8.  Ms. Teixeira reviewed the claims adjuster's evaluation of plaintiff's claim before it was denied.  Docket No. 48-3 at 5, p. 163, ll. 5-16.  At her deposition, Ms. Teixeira acknowledged that defendant evaluated plaintiff's claim incorrectly.  *Id.* at 3, p. 161, ll. 1-5.  The claims adjuster who evaluated plaintiff's claim reduced plaintiff's entire claim by eighty percent, instead of reducing only those medical expenses related to plaintiff's back injury by eighty percent.  *Id.*

Ms. Teixeira further agreed that plaintiff had approximately $80,000 in medical expenses that were completely attributable to the car accident.  *Id.*, p.161, ll. 13-14.  Ms. Teixeira acknowledged that, if plaintiff's other medical expenses, which totaled roughly $120,000, had been reduced by eighty percent based on Dr. Lotman's proposed formulation, they would be $24,000, which, when added to $80,000, would exceed the $100,000 payment by the tortfeasor.  *Id.*, p. 161, ll. 6-22.  As a result, Ms. Teixeira agreed that payment from defendant was due.  *Id.*, p. 161, ll. 23-24.

On December 27, 2016, plaintiff moved for summary judgment on all five of his claims.  Docket No. 48.

---

[3]Plaintiff originally filed his case in the Boulder County District Court.  Docket No. 3.  Defendant removed this case to federal court on November 23, 2015.  Docket No. 1.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate

4

"specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## III. ANALYSIS

### A. Breach of Contract Claims (First, Second, Third, and Fourth Claims for Relief)

Plaintiff's first, second, third, and fourth claims for relief are for breach of contract.[4] *See* Docket No. 3. To recover on his breach of contract claims, plaintiff must prove "(1) the existence of a contract; (2) that he performed his duties under the contract (or that he was justified in failing to do so); (3) that [defendant] failed to perform the contract; and (4) resulting damages." *Long v. Cordain*, 343 P.3d 1061, 1067 (Colo. App. 2014) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

It is undisputed that, at the time of the September 8, 2012 accident, plaintiff had four different insurance policies with defendant that provide underinsured motorist coverage. *See* Docket No. 48 at 5, ¶ 2. Defendant argues that plaintiff is not entitled to summary judgment because "factual issues remain as to the extent to which Plaintiff's

---

[4]Neither the complaint nor the parties indicate the law that properly applies to plaintiff's breach of contract claims. Since defendant assumes that Colorado law applies, *see* Docket No. 51 at 4-6, the Court will apply Colorado law. *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

5

provable damages exceed the $100,000 threshold for UM/UIM recovery."[5]  Docket No. 51 at 3.  Defendant notes that, at the time the motion for summary judgment was briefed, the parties had yet to conclude the designation of medical causation witnesses. *Id.*  Defendant argues that the jury will be required to judge the credibility of Dr. Lotman and "such other medical experts as may be designated by the parties before discovery is complete."  *Id.* at 4.  Plaintiff argues that summary judgment is appropriate because defendant relied on Dr. Lotman's recommendations when it denied plaintiff's claim. Docket No. 57 at 4-5.

Plaintiff concedes that the amount of damages is uncertain.  *Id.* at 5 ("Plaintiff is [] entitled to *at least* $4,763.24. . . .  The amount that Plaintiff is owed is irrelevant.") (emphasis added).  Plaintiff's request for summary judgment on his contract claims is based on the calculations that plaintiff's counsel used with Ms. Teixeira, which results in an amount of over $100,000 attributable to the accident and therefore of some money due to plaintiff.  Plaintiff assumes that Ms. Teixeira's deposition testimony binds defendant, but plaintiff cites no authority, and the Court has found none, that a claims manager's testimony can bind an insurer.  It may very well be that the jury agrees with plaintiff's logic; however, the jury, not Dr. Lotman or Ms. Teixeira, will need to decide the percentage of medical bills caused by the accident.  As a result, genuine issues of material fact preclude summary judgment on plaintiff's contract claims.

---

[5]The $100,000 threshold is dictated by the policy limits of the other driver in the accident, who settled with plaintiff.  *See Jordan v. Safeco Ins. Co. of Am., Inc.*, 348 P.3d 443, 449 (Colo. App. 2013) ("The insurer's obligation to pay [UIM] benefits is now triggered by exhaustion of the tortfeasor's 'limits of . . . legal liability coverage.'").

### B. Unreasonable Delay or Denial of Insurance Benefits (Fifth Claim for Relief)

Plaintiff's fifth claim for relief is for the unreasonable delay or denial of insurance benefits. *See* Docket No. 3 at 6, ¶¶ 54-65. Under Colo. Rev. Stat. § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."[6] Colo. Rev. Stat. § 10-3-1115(1)(a). Similarly, § 10-3-1116 states that "[a] first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1). An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2).

Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). Ms. Teixeira's deposition testimony supports an inference that she behaved reasonably in the course of mistakenly denying plaintiff's claim. *Id.* at 6-7. Ms. Teixeira acknowledged that the claims adjuster made a mistake in handling plaintiff's claim and that Ms. Teixeira erred in reviewing the initial evaluation. *Id.*, p. 163, ll. 5-16. Counsel for defendant asked Ms. Teixeira whether a person can act reasonably and still make a mistake; Ms. Teixeira stated that a person could. Docket No. 51-2 at 3, p. 163, ll. 2-4.

---

[6]The parties do not dispute that plaintiff is a first-party claimant within the meaning of the statute.

Plaintiff argues that defendant's denial of plaintiff's claim was unreasonable because "Defendant failed to catch their adjuster's mistake for over three years" and the mistake was only discovered while Ms. Teixeira was preparing for her deposition. Docket No. 57 at 5; *see also* Docket No. 48-3 at 3-4, pp. 161-162, ll. 25, 1-2.  In order to establish liability under § 1115, plaintiff must show that defendant denied his claim for benefits without a reasonable basis.  *Fisher v. State Farm Mut. Auto. Ins. Co.,* 2015 WL 2198515, at *4 (Colo. App. May 7, 2015), *cert. granted*, 2016 WL 3207869 (Colo. Jun. 6, 2016) (No. 15SC472).  Plaintiff cites no authority discussing whether an inadvertent error or a mistake can constitute a "reasonable basis" under § 1115 or authority showing that a failure to uncover an error in the handling of a claim is unreasonable as a matter of law.  Finally, plaintiff bears the burden of showing that there is no dispute of material fact on his bad faith claim.  The Court finds that plaintiff has failed to meet his burden under Rule 56 by failing to offer any authority supporting his claim that the claims agents' conduct was unreasonable as a matter of law.  Rather, the issue of whether their conduct was reasonable is a disputed issue of material fact.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 48] is **DENIED**.

DATED September 27, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge